**RECEIVED OCT 14 2020 BY MAIL**

RAYMOND AMERSON BEY
REG. NO. 21403-044
U.S. PENITENTIARY
P.O. BOX 1000
LEAVENWORTH, KS  66048

GREGORY LINHARES
U.S. DISTRICT CLERK
U.S. DISTRICT COURTHOUSE
111 SOUTH 10TH STREET
ROOM 3.300
ST. LOUIS, MO  63102

Oct. 8, 2020

CDP

RE:   CRIMINAL ACTION NO. S1-91-1CR(6); EMERGENCY MOTION FOR
      COMPASSIONATE RELEASE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)
      AND FOR APPOINTMENT OF COUNSEL

Dear Honorable Clerk:

Enclosed with this letter, please find a FULL COPY of the above mentioned Motion. I would appreciate your assistance in filing this Motion within the proper Honorable Court.

Moreover, I would appreciate if you could please **FILE/ RECEIVED STAMP** the extra front cover sheet of the Said Motion and in mailing it back for my records within the enclosed Pre-Paid Envelope. Your assistance in this important matter will be greatly appreciated. Thank you.

Sincerely requested,

*Raymond Amerson Bey*
Raymond Amerson Bey (PRO SE)

CC:  U.S. ATTORNEY

RECEIVED
OCT 14 2020
BY MAIL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | CRIMINAL ACTION NUMBER |
| V. | § | S1-91-1CR(6)  CDP |
| RAYMOND AMERSON, | § | |
| Defendant. | § | |

**EMERGENCY MOTION FOR COMPASSIONATE RELEASE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)(i) AND FOR APPOINTMENT OF COUNSEL TO PROPERLY FILE A CORRECT MOTION**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, Raymond Amerson (hereinafter "Defendant"), and hereby through PRO SE moves this Honorable Court to Grant him Compassionate Release under the Newly Amended Changes by Congress to 18 U.S.C. § 3582(c)(1)(A), and in support thereof, would respectfully show this Honorable Court as follow:

## I.  INTRODUCTION

In support of the foregoing Motion, Defendant will first of all inform this Honorable Court that he is unskilled and is a layman at the Profession of Law and is therefore being assisted by another inmate. Both the fellow inmate and Defendant, are layman at the Profession of Law and would therefore ask that this Court recognize the standards set forth by the United States Supreme Court in HAINES v. KERNER, 404 U.S. 519, 92 S.Ct. 594,

30 L.Ed.2d 652 (1972), and in doing so, not hold Defendant herein to the rigid standards of a Professional Legal Litigator.

## II. REASONS FOR GRANTING MOTION AND APPOINTMENT OF COUNSEL

Defendant herein, raised concerns to the Warden of his place of confinement in reference to **COVID-19** posing an unreasonable risk of serious damage to his Future Health, that could further cause his death in prison, and thus requested **COMPASSIONATE RELEASE**, but the Warden denied such request. Defendant thereafter exhausted all of his Administrative Remedies.

However, and very sadly, Defendant has **now contracted the deadly virus** and the situation has changed from a concerning risk into a life-threatening emergency. Defendant's heightened risks require him to have access to advanced medical care, something that USP Leavenworth will not and cannot provide. Defendant remains in his cell while the facility is on a modified lockdown, as there were **over 400 COVID-19 positive cases**, between inmates and prison staff at USP Leavenworth. See, **https://www.bop.gov.coronavirus/**. Defendant is now reporting serious difficulty breathing, by having shortness of breath, and had never felt sicker in his life. Defendant also reports that he is receiving limited medical care.

The fact that USP Leavenworth is experiencing a major **COVID-19 OUTBREAK** is evidence enough to show that the facility is unequipped to care for someone like Defendant. In addition, courts in other compassionate release cases have rightly observed

that the BOP is **not able to properly care** for prisoners who have serious medical issues. See, e.g., UNITED STATES v. VASQUEZ-TORRES, No. 19-cr-20342, 2020 WL 4019038 (S.D. Fla. July 10, 2020) (releasing defendant with diabetes, inability to adequately treat Defendant's **COVID-19** infection"); UNITED STATES v. DELATEUR, No. 18-cr-5364, 2020 WL 3989175, at *2 (W.D. Wash. July 1, 2020) (granting release because defendant "presents multiple health issues that raise serious questions regarding the ability to provide adequATE measures and medical care while incarcerated").

Furthermore, even if USP Leavenworth is able to manage Defendant's care for this infection, Defendant may be at risk at **REINFECTION** should he remain incarcerated.  Defendant will be able to more effectively avoid **REINFECTION** upon release, than if he remains incarcerated at USP Leavenworth.  It is currently an open question in the scientific and medical communities whether individuals who contract **COVID-19** develop any sort of immunity, and if they do, how long such immunity might last.  However, researchers have recently confirmed the **FIRST CASE OF COVID-19 [R]EINFECTION** in the United States.  See, Erika Edwards & Akshay Syal, **COVID-19 REINFECTION REPORTED IN NEVEDA PATIENT,** Researchers say, NBC News (Aug. 28, 2020), **https://nbcnews.to/33n9WdG.**  Notably, the re-infected patient suffered a **more severe case of COVID-19 the second time he was infected.** Id.

In recognition of the developing knowledge regarding immunity and reinfection, numerous courts have granted compassionate release to individuals who have tested positive

for **COVID-19**. See, e.g., UNITED STATES v. JACOBS, No. 19-cr-00149, 2020 WL 3637625, at *5 (S.D. Iowa, July 2, 2020) ("Other Courts have found that a defendant can present a sufficiently extraordinary and compelling reason for release if he or she receives inadequate care following a **COVID-19** diagnosis or has underlying health conditions that can make that diagnosis more deadly... In other words, **COVID-19** diagnosis does not moot a defendant's request for compassionate release"); UNITED STATES v. PLANK, No. 17-20026-SWL, 2020 WL 3618858, at *3 (D. Kan. July 2, 2020) (noting exposure to **COVID-19** outbreak within prison facility creates risk of worsening illness even where a defendant already contracted the virus); UNITED STATES v. YELLIN, No. 15-cr-03181, 2020 WL 3488738, at *3 (S.D. Cal. June 26, 2020) (granting compassionate release to a defendant who tested positive and did not develop severe symptoms because "the possibility of **REINFECTION PERSISTS**"); UNITED STATES v. SCHAFFER, No. 13-cr-00220, 2020 WL 3481562, at *1-2 (N.D. Cal. June 24, 2020) (granting compassionate release to a defendant who recovered from **COVID-19,** noting "the scientific community has not, as of this date, determined whether a prior infection produces immunity or affects the severity of any potential subsequent infection"); UNITED STATES v. DAVIS, No. 15-cr-00062, 2020 WL 3443400, at *2 (E.D. Cal. June 23, 2020) ("The prevalence of the disease in this facility puts defendant at great and particularized risk due to his well-documented, serious, and ongoing health conditions. Although the Government argues that defendant's motion is moot because he has already contracted **COVID-19** and is currently being treated, such an argument ignores the possibility that defendant may become infected

again even if he fully recovers").

Thus, Defendant herein moves this Honorable Court to GRANT him the **APPOINTMENT OF COUNSEL** to properly assist him in the Proceedings of the Newly Amended Changes by Congress to 18 U.S.C. § 3582(c)(1)(A), based on the fact that he presents **COMBINED** "extraordinary and compelling reasons" for seeking Compassionate Release under the **THEN-MANDATORY GUIDELINE SENTENCING REGIME** that is no longer in effect and has since been declared **UNCONSTITUTIONAL.**

Many Courts across the country have determined, that if a judge finds the existence of **ANY** "extraordinary and compelling reasons" warranting a sentence reduction, those reasons could, pursuant to 18 U.S.C. § 3582(c)(1)(A), **FORM** the legal basis for the reduction **"OF AN UNUSUALLY LONG SENTENCE."** See, UNITED STATES v. MILLAN, Case No. 91-CR-685 (LAP) (S.D.N.Y. - April 6, 2020); UNITED STATES v. TORRES, Case No. 87-CR-593 (SHS) (S.D.N.Y. - June 1, 2020); UNITED STATES v. HOPE, Case No. 90-cr-06108-KMW-2 (S.D. Fla - April 10, 2020); UNITED STATES v. PARKER, Case No. 2-98-cr-00749-CAS-1 (C.D. Cal. - May 21, 2020); and UNITED STATES v. CANTU-RIVERA, Case No. H-89-204 (S.D. Tx - June 24, 2019).

All of the above defendants were serving **Mandatory Minimums of Life Imprisonment,** and have now been Granted a Reduction in Sentence under the Newly Amended Changes by Congress to the Compassionate Release Statute (18 U.S.C. § 3582(c)(1)(A)).

HENCE, Defendant herein prays that this Honorable Court GRANT the Appointment of Counsel and to further GRANT him

Compassionate Release.

## CONCLUSION

**WHEREFORE,** Defendant prays that, pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as amended by Congress, his term of imprisonment be modified to time-served, all as more fully set out in any brief or supplement Motion that may be filed by the Court **Appointed Counsel** assigned by this Honorable Court.

Defendant furthermore prays for all further RELIEF to which he may be entitled to in this proceeding.

Respectfully submitted,

*Raymond Amerson Bey*
Raymond Amerson Bey (PRO SE)
Reg. No. 21403-044
U.S. Penitentiary
P.O. BOX 1000
Leavenworth, KS  66048

## CERTIFICATE OF SERVICE

I, Raymond Amerson Bey, hereby certify that I have forwarded a true and correct copy of the foregoing instrument by the method indicated to all counsel of record listed below on the 8 day of October, 2020.

(U.S. FIRST CLASS MAIL)

RICHARD G. CALLAHAN
U.S. ATTORNEY
U.S. COURTHOUSE
111 SOUTH 10TH STREET
ROOM 20.333
ST. LOUIS, MO  63102

*Raymond Amerson Bey*
Raymond Amerson Bey

Raymond Amerson Bey
Reg. No. 21403-044
U.S. Penitentiary
P.O. Box 1000
Leavenworth, KS 66048



Gregory Linhares
U.S. District Clerk
U.S. District Courthouse
111 South 10th Street
Room 3.300
St. Louis, MO 63102

"Legal Mail"

RECEIVED
OCT 14 2020
BY MAIL



RECEIVED
OCT 0 9 2020

P.O. Box 1000
Leavenworth, KS 66048

Date_____

The enclosed letter was processed through special mailing procedures or forwarding to you. The letter has been neither opened nor inspected. If the writer raises a question or problem which facility has jurisdiction, you may wish to return the material for further information or clarification. If the writer encloses correspondence for forwarding to another addressee please return the enclosure to the above address.